**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                          No. 00-7068

ROBERT RICHARD MILLIGAN,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-96-437-JFM, CA-99-3899-JFM)

Submitted: January 31, 2001

Decided: February 22, 2001

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Nina J. Ginsberg, DIMURO, GINSBERG & MOOK, P.C., Alexandria, Virginia, for Appellant. Lynne A. Battaglia, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Richard Milligan appeals from the district court's final order entered on June 28, 2000, denying a petition for writ of habeas corpus. Milligan, who previously pled guilty to arson under 18 U.S.C.A. § 844(i) (West Supp. 2000), was sentenced to 210 months in prison followed by a three-year term of supervised release. He filed his motion under 28 U.S.C.A. § 2255 (West Supp. 2000), claiming that in light of *Jones v. United States*, 120 S. Ct. 1904 (2000), the building located at 1311 N. Rose Street, the subject of the arson of which Milligan was convicted, was not covered by the federal arson statute, 18 U.S.C. § 844(i). For the reasons set forth below, we affirm Milligan's conviction and sentence.

Section 844(i) prohibits the arson or attempted arson of property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." In *Jones v. United States*, the Supreme Court held that § 844(i) covered only property currently used in commerce or in an activity affecting commerce, and that an owner-occupied home used as a dwelling place for everyday family living is not property "used in interstate commerce." *Id.* at 1912.

Milligan argues that the vacant, uninhabitable building at 1311 N. Rose Street, previously leased as a private residence, was not actively used for any commercial purpose at the time of the fire, and therefore, is not property "used" in commerce or commerce-affecting activity and is not subject to federal prosecution under § 844(i). He asserts the evidence that the dwelling at 1311 N. Rose Street was used in an activity affecting commerce was insufficient to satisfy the interstate commerce nexus, claiming that there was no evidence supporting federal jurisdiction at the time of the fire, because at the time it burned, it was vacant and uninhabitable[1] from a fire ten days earlier, and further that federal jurisdiction is lacking because there is no evidence

---

[1] The government correctly noted in its brief that while Milligan refers to the property as "uninhabitable," the only record description of the unit is that before July 1 it was occupied by a tenant who was moved out against her will, and after the July 1, fire, it "had only minimal damage."

that Milligan intended to improve or repair the building, or return it to the rental market.

We find that Milligan's claim that the building he burned was not a "rental property" affecting commerce at the time of the fire because the building was vacant at the time of the fire strains credibility under the facts of this case. The record reveals that Milligan moved the tenant out only twelve hours before the first arson attempt,[2] he had rented the unit for years prior to the arson, he planned the crime while the unit was still occupied,[3] and he renewed the insurance the day before the arson attempt, again while it was still occupied by a tenant. These, and other facts, including Milligan's history of burning that specific property, collecting the insurance, and then re-renting it, strongly support the conclusion that the unit was not a vacant building, but rather was actively being used commercially at the time of the fire.

Moreover, the fact that Milligan had evicted the final tenant in anticipation of and in order to facilitate the arson does not mean that the property was not currently used in commerce,[4] particularly where the intention to commit the arson and the planning for that arson arose

---

[2]In the context of analyzing whether a property remained rental property even when vacant at the time of a fire, this court has previously held that, "vacancy alone does not constitute a 'removal' from the rental market." *United States v. Parsons*, 993 F.2d 38, 41 (4th Cir. 1993) (citations omitted); *see also United States v. Mayberry*, 896 F.2d 1117, 1120 (8th Cir. 1990) (temporary closure of commercial enterprise does not undermine federal arson jurisdiction).

[3]Specifically, beginning in May 1995, while 1311 N. Rose Street was still occupied by Pamela Buckson, Milligan began direct preparations to burn it down.

[4]Milligan's reliance upon *United States v. Gaydos*, 108 F.3d 505 (3d Cir. 1997), and *United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000), to support his claim that vacancy at the time of the fire is sufficient to stave off federal jurisdiction is misplaced, as those cases are distinguishable on their facts. In *Gaydos* (lead paint contamination) and *Ryan* (business failure), the factors upon which the holdings were based were objective commercial circumstances, as compared to the vacancy and (alleged) uninhabitability here which were direct functions of the criminal enterprise itself.

while the tenant occupied the property and where the tenant was removed only hours before an initial but unsuccessful arson attempt.

Accordingly, we affirm the district court's denial of Milligan's § 2255 motion, and uphold Milligan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*